**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV354**

| | | |
|---|---|---|
| **LARRY SIMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **SNYDER'S OF HANOVER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| **_____** | ) | |

**THIS MATTER** is before the Court on the parties' timely filed

objections to the Magistrate Judge's Memorandum and Recommendation

that Defendant's motion to dismiss for improper venue be denied and its

alternative motion to transfer venue be granted. Finding neither party's

objections meritorious, the Court adopts the Memorandum and

Recommendation.

# I. STATEMENT OF FACTS[1]

Plaintiff Larry Simpson is a citizen and resident of North Carolina. Defendant Snyder's of Hanover, Inc., is a snack food manufacturer incorporated under the laws of Pennsylvania and having its principle place of business in Pennsylvania. The relationship between Plaintiff and Defendant began in 1996 when Plaintiff began distributing Defendant's products within a designated area in western North Carolina. **Complaint, ¶ 3.** Plaintiff was successful in his distribution efforts, growing the business in his designated area "to such an extent and at such a rapid rate, that the Plaintiff and the Defendant agreed that it would be in the best interest of the parties for the [Plaintiff] to transfer the distributorship rights for the Asheville market to the Defendant in return for the Defendant giving him the ownership of one route in the Asheville market." ***Id.*, ¶¶ 4-5.** The contract representing such agreement was executed by the parties on or about February 5, 1999. ***Id.*, ¶ 7; *see also*, Exhibit 1, Articles of Agreement, *attached to*, Defendant's Motion to Dismiss or, in the**

---

[1] When considering Defendant's motion to dismiss for improper venue, all facts will be taken in a light most favorable to Plaintiff, as the non-moving party. ***See, e.g., Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 547 (E.D.N.C. 2005) (citing *Three M Enters., Inc. v. Texas D.A.R. Enters., Inc.*, 368 F.Supp.2d 450, 454 (D. Md. 2005).**

**alternative, to Transfer Venue, filed January 26, 2006; Exhibit 2,**

**Distributor's Agreement, *attached to*, Defendant's Motion.**  The

Distributor's Agreement signed by the parties contains a forum-selection

clause, requiring Plaintiff to "file any suit against Snyder's only in the

federal or state court having jurisdiction where Snyder's principal office is

then located."  **Distributor's Agreement, Art. 25(c).**

The parties existed harmoniously under this contract until

approximately March 2005.  At that time, Plaintiff alleges Defendant

"attempted to force the [him] to agree to a transfer of his contract to a new

alleged corporate entity; to wit, 'SOH Distribution Company, Inc.', which,

based upon information and belief, is totally controlled and/or solely owned

by the Defendant[.]"  **Complaint, ¶ 8.**  Plaintiff asserts that rather than

Defendant simply assigning the February 1999 contract to SOH, Defendant

"attempted to force the Plaintiff to sign a totally different contract,

containing different rights and obligations."  ***Id.***  Plaintiff further alleges that

when he refused to sign the contract Defendant embarked upon a course

of conduct "aimed at trying to force the [Plaintiff] out of business, so that

the Defendant might reacquire the Plaintiff's territory without compensating

him for same." *Id.*, ¶ **16, and** ¶¶ **9-15.** Defendant eventually terminated its contract with Plaintiff. *Id.*, ¶ **9.**

In October 2005, Plaintiff filed suit against the Defendant in the General Court of Justice, Superior Court Division, for Henderson County, North Carolina, asserting claims for breach of contract and unfair trade practices. *See, id.* Defendant thereafter removed the case to this Court on the basis of diversity of citizenship. *See,* **Defendant's Notice of Removal, filed December 7, 2005.** Following removal, Defendant filed this motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, to transfer this action to the United States District Court for the Middle District of Pennsylvania. *See,* **Defendant's Motion,** *supra.* The Defendant's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 for recommendation as to disposition. After consideration of the Plaintiff's response and Defendant's reply thereto, the Magistrate Judge recommended the Defendant's motion to dismiss be denied and granted the motion to transfer. *See,* **Memorandum and Recommendation, filed March 30, 2006, at 15.** Both parties have timely filed their respective objections to the Memorandum and Recommendation and Defendant has

filed a reply to Plaintiff's objections.  **See, Defendant's Objections to a Portion of Magistrate Judge's Memorandum and Recommendation, filed April 13, 2006; Plaintiff's Objections to the Findings of Fact, Conclusions of Law, and Recommendations of the Memorandum and Recommendation, filed April 23, 2006; Defendant's Reply to Objections, filed April 24, 2006.**

## II. LEGAL STANDARD

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections."  **Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997), *aff'd in part, dismissed in part*, 162 F.3d 1155 (table), 1998 WL 558730 (4th Cir. 1998) (emphasis in original); *see also*, Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("'Parties filing objections must specifically identify those findings objected to.'" (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).**

"Frivolous, conclusive or general objections need not be considered by the district court." **Id.** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

### III. ANALYSIS

**A. Motion to Transfer Venue**

"Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the discretion of the transferring judge[.]" ***Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991) (citations omitted).** The Court "may[, for the convenience of parties and witnesses, in the interest of justice,] transfer a civil action to any other district or division where it might have been brought." **28 U.S.C. § 1404(a).** The burden lies with the moving party to establish that transfer is warranted.

*See*, *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, **751 F. Supp. 93, 95 (W.D.N.C. 1990).**

In attempting to balance the interest of justice and the convenience of parties and witnesses to determine whether transfer is appropriate, the Court considers eleven factors:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

*Id.*, **at 96.** The Court must consider both the quantity and quality of factors weighing in favor of either retention or transfer on each side. *See*, *id*.

In addition, where a valid forum-selection clause exists, such clause is a "significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, **487 U.S. 22, 29 (1988);** *Brock*, **933**

**F.2d at 1258 (quoting** *Stewart Org., Inc.***).**  A party attempting to foreclose consideration of the forum-selection clause on the basis of its invalidity bears a "'heavy burden of proof,'" and must "'clearly show that enforcement would be unreasonable and unjust.'"  ***Nizam's Inst. of Med. Sci. v. Exchange Tech., Inc.*, 28 F.3d 1210 (table), 1994 WL 319187, \*3 (4ᵗʰ Cir. 1994) (quoting** *The Bremen v. Zapata Off-Shore Co.***, 407 U.S. 1, 15-17 (1972)).**

The Magistrate Judge, after careful consideration of the relevant factors, recommended granting Defendant's alternative motion to transfer venue to the United States District Court for the Middle District of Pennsylvania.  ***See*, Memorandum and Recommendation, at 8-15.** Plaintiff presents twelve objections to such recommendation.[2]  ***See*, Plaintiff's Objections.**

---

[2] Plaintiff does not object to the Magistrate Judge's findings that factor 3 (relative ease of access of proof) weighed in favor of retention, that factor 5 (possibility of a view) was neutral, that factor 6 (enforceability of a judgment) was neutral, or that factor 9 (administrative difficulties of court congestion) was neutral.  ***See*, Memorandum and Recommendation, at 12-14; Plaintiff's Objections.**  Without objection from either party, and finding no clear error, the Court will adopt the Magistrate Judge's recommendation as to these four particular factors.  ***See*, *Diamond*, 416 F.3d at 315 (where no objection is made, the Court may accept the Magistrate Judge's recommendation so long as there is no clear error on the face of the record).**

Plaintiff's first three objections are premised on his contention that the contractual forum-selection clause is invalid and that the Magistrate Judge erred in finding the clause valid and in considering such clause when making his recommendation. ***Id.*, at 1-3.** Plaintiff further contends that the clause "is invalid due to the Defendant's overreaching in procuring the Plaintiff's signature on the contract, the grave inconvenience of the selected forum, and the clause's contravention of North Carolina's strong public policy." ***Id.*, at 1.**

A forum-selection clause will be found unreasonable, and thus of no effect, where

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

***Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)); *see also*, *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir. 2002) ("[A]bsent a showing that the chosen forum is unreasonable or**

**was imposed by fraud or unequal bargaining power, the parties'**

**choice should be enforced.").**

The Court finds Plaintiff's arguments regarding "overreaching" and "grave inconvenience" to be without merit. Plaintiff has done little more than "kick up dust" in raising these issues,[3] which is far short of his burden to make a strong showing that the forum-selection clause is unreasonable. The totality of the record currently before the Court does not establish that either of these circumstances exists.

Similarly unavailing is Plaintiff's assertion that because "the North Carolina General Assembly enacted a statute expressly disapproving of forum selection clauses[,]" enforcement of the forum-selection clause in this case would contravene such policy and thus be "unreasonable." **Plaintiff's Brief in Opposition to Defendant's Motion, filed February 27, 2006, at 11; N.C. Gen. Stat. § 22B-3.** While the Court takes note of

---

[3] For example, Plaintiff raises the issue of witnesses located in North Carolina being beyond the subpoena power of the Pennsylvania court. Yet, he has done nothing to establish that there are *actually* witnesses in North Carolina who are necessary to his case, who would refuse to travel to Pennsylvania for trial, *and* who would be beyond the subpoena power of the Pennsylvania court. Hypothetical situations are insufficient to satisfy Plaintiff's burden of establishing the unreasonableness of the forum-selection clause.

North Carolina's general distaste for such clauses, it is the public policy of Pennsylvania rather than that of North Carolina that must be considered. The parties' agreement states that it was entered into in Pennsylvania and contains a choice-of-law provision providing that "[t]he validity, interpretation and performance of this Agreement shall be controlled by and construed in accordance with the laws of the Commonwealth of Pennsylvania." **Distributor's Agreement, at 1 ("Agreement made . . . in Hanover, Pennsylvania, between SNYDER'S OF HANOVER, INC. . . . And Larry E. Simpson[.]") and at Art. 25(j) (choice-of-law clause); *Bassett Seamless Guttering v. Gutterguard*, 2006 WL 156874, at \*6 (M.D.N.C., Jan. 20, 2006) ("The contract at issue here, however, states that it was entered into in Colorado, making [N.C. Gen. Stat. § 22B-3] inapplicable."); *Brock*, 933 F.2d at 1258-59 (finding the law of Virginia applicable, rather than that of Texas, where a choice-of-law provision designated Virginia law as proper *even though* the documents were executed in Texas).** Pennsylvania has no public policy against forum-selection clauses. **See, e.g., *IDT Corp. v. Clariti Carrier Servs.*, 2001 PA Super 114, ____, 772 A.2d 1019, 1022 n.1 (Pa. Super. Ct. 2001) ("[T]he courts of this Commonwealth should decline to proceed with a claim**

**where the parties have freely agreed that litigation is to be conducted in another forum, where such agreement is not unreasonable at the time of the time of litigation." (citations omitted)).**

The parties to this case are both experienced in business, and they entered into an agreement sought by both parties.  **Complaint, ¶ 5.**  Part of that agreement was a forum-selection clause – appearing within the agreement in all capital letters – clearly explaining the appropriate forum in which to bring claims arising out of the agreement.  The clause is *prima facie* valid, the designated forum has a substantial connection to the case, and Plaintiff has not carried his burden of establishing the unreasonableness of the clause.  The Court, therefore, finds the forum-selection clause valid and a significant factor in determining whether this matter should be transferred to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  Consequently, Plaintiff's first, second, and third objections are rejected.

Plaintiff's fourth objection relates to the Magistrate Judge's finding that factor 1 (Plaintiff's initial choice of forum) was neutral.  Plaintiff argues that "given the invalidity of the forum selection clause, the Plaintiff's initial choice of this Court as the forum supports retention of this action."

**Plaintiff's Objections, at 3.**  Having previously found the forum-selection clause valid, the Court will reject Plaintiff's fourth objection and find that factor 1, "plaintiff's initial choice of forum," is neutral.

Plaintiff next objects to the Magistrate Judge's conclusion finding factor 2 (residence of the parties) neutral because "Plaintiff resides in this district and defendant appears to be a corporate resident of Pennsylvania." **Memorandum and Recommendation, at 11.**  Plaintiff argues that because he is a North Carolina resident and "Defendant is also a resident of North Carolina pursuant to 28 U.S.C. § 1391(c) (2005) and N.C.G.S. § 1-75.4 (2005) . . . this factor favors retention" of this action in the Western District of North Carolina.  **Plaintiff's Objections, at 3.**  The Court, like the Magistrate Judge, finds this factor neutral.

While it is true that 28 U.S.C. § 1391(c) references a corporation being a "reside[nt] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," this section is not controlling here.  The Court's concern in determining whether to transfer venue is a practical one, and for practical purposes (rather than technical procedural rule purposes) Defendant is not a "resident" of North Carolina. Furthermore, the Court's duty is to consider both the quantitative *and*

qualitative nature of the factors. Therefore, even if the Court were to nominally "award" this factor to Plaintiff, its value to him in terms of quantity would be totally neutralized by its utter lack of value in terms of quality. Therefore, Plaintiff's fifth objection is rejected.

Plaintiff's sixth objection states the Magistrate Judge erred in finding that factor 4, "availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses," supports transferring this matter to Pennsylvania. Plaintiff asserts that "pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Pennsylvania District Court has no subpoena power to compel the attendance at trial of unwilling non-party witnesses located in North Carolina[,]" and "juries are better able to weigh the credibility of witnesses through live testimony as opposed to deposition testimony." **Plaintiff's Objections, at 3 (citation omitted).** The Court finds this objection to be without merit.

First, as to the costs of obtaining the attendance of witnesses, "in every diversity action, one side or the other will inevitably be burdened, and . . . such burden was foreseeable when the parties negotiated the contract containing the forum selection clause." **Memorandum and**

**Recommendation, at 13 (citing *AC Controls Co., Inc. v. Pomeroy Computer Resources, Inc.*, 284 F.Supp.2d 357, 362 (W.D.N.C. 2003)).**

As part of their contract, these parties have a valid forum-selection clause; if Plaintiff is the party to whom the burden of litigating out-of-state is delegated as a result of that provision, "such burden was foreseeable when the parties negotiated the contract containing the forum selection clause." *Id*. Second, as to subpoena power, Plaintiff has done little more than speculate about the unavailability of witnesses due to the lack of subpoena power. *See*, **n.3** *supra*. Such speculation is unavailing. Given the existence of a valid forum-selection clause, and that Plaintiff has offered nothing but speculation in regards to compulsory process for attendance of witnesses, the Court agrees with the Magistrate Judge's conclusion that this factor weighs in favor of transfer. Plaintiff's sixth objection is, therefore, rejected.

Additionally, inasmuch as Plaintiff's seventh objection regarding factor 7 ("relative advantages and obstacles to a fair trial") is based on "the arguments as set forth in Objection 6," Plaintiff's seventh objection is likewise rejected. ***See*, Plaintiff's Objections, at 4.**

Plaintiff's eighth objection relates to factor 8 ("other practical problems that make a trial easy, expeditious, and inexpensive").  The Magistrate Judge concluded that this factor was neutral.  ***See, Memorandum and Recommendation, at 13.***  "Plaintiff  objects on the basis that the greater weight of the evidence shows that conducting this trial in North Carolina would require less expense for all parties involved and would result in the most expeditious disposition of this matter."  **Plaintiff's Objections, at 4.**  Plaintiff does not identify the evidence referred to in his objection, nor did he do so in his one-sentence address of this factor in his brief opposing Defendant's motion.  ***See, id.*; Plaintiff's Brief, at 16 (wherein Plaintiff makes the conclusory argument that "[c]onducting this trial in a North Carolina forum would require less expense for all involved.  Consequently, this factor also weighs in favor of retention.").**  Consequently, the Court rejects this objection on the bases of 1) Plaintiff's inadequate and improper objection; 2) these diverse parties have a valid contractual forum-selection clause; and 3) the burden of litigating a matter out-of-state, including the cost burden, "was foreseeable when the parties negotiated the contract containing the forum

selection clause." ***See, Thomas, supra; Battle, supra.*** Plaintiff's eighth objection is rejected.

Plaintiff's ninth objection relates to the tenth factor, that is, the Magistrate Judge's finding "that the interest in having local controversies settled at home, and the appropriateness in having the trial of a diversity case in a forum that is at home with the governing state law, support the transfer of this matter to Pennsylvania." **Plaintiff's Objections, at 4.** In asserting that this factor actually weighs in favor of retention, Plaintiff objects to the Magistrate Judge's determination "on the basis that the applicable law and the greater weight of the evidence show that the contract at issue, including the choice of law provision contained therein, constitutes an unenforceable adhesion contract." ***Id.***

Plaintiff has stated two claims against Defendant, one for unfair trade practices and *one for breach of the written contract*. Attached to the complaint as Exhibit A is the contract entered into between the Plaintiff and the Defendant which states that "[p]ursuant to that agreement . . . the Plaintiff is entitled to compensation from the Defendant in the amount of a least $250,000." **Complaint, ¶¶ 7, 12.** The first element of a breach of contract claim is "the existence of a valid contract." ***See, Woolard v.***

***Davenport***, **166 N.C. App. 129, 134, 601 S.E.2d 319, 322 (2004) (noting that the first element of a breach of contract claim in North Carolina is "*the existence of a valid contract*" (emphasis added) (citation and internal quotations omitted));** ***Sullivan v. Chartwell Inv. Partners, LP***, **873 A.2d 710, 716 (Pa. Super. Ct. 2005) (noting that the first element of a breach of contract claim in Pennsylvania is "*the existence of a contract*" (emphasis added)).** It is, therefore, entirely unclear to this Court how Plaintiff intends to obtain *both* an "entry of a judgment in the amount of $250,000 for breach of contract" and, *simultaneously*, establish that the contract is invalid as "constitut[ing] an unenforceable adhesion contract." **Complaint, prayer for relief, ¶ 1; Plaintiff's Objections, at 4.** Rather than assume the Plaintiff intended to defeat part of his complaint through his objections to the Memorandum and Recommendation, the Court will simply reject Plaintiff's ninth objection. ***See, Woolard***, ***supra***; ***Sullivan***, ***supra***.

Additionally, in as much as Plaintiff's tenth objection is based on "the arguments as set forth in Objection 9[,]" Plaintiff's tenth objection is likewise rejected.

Plaintiff's final two objections relate to "the Magistrate Judge's conclusion of law . . . that the eleven-factor test for deciding whether to transfer an action . . . weighs in favor of transfer, both quantitatively and qualitatively" and "the Magistrate Judge's recommendation . . . that this matter be transferred to the United States District Court for the Middle District of Pennsylvania for disposition." **Plaintiff's Objections, at 5.** Having addressed and rejected each of Plaintiff's objections regarding particular factors of the 11-factor test, the Court arrives at the same ultimate conclusion as did the Magistrate Judge: "Both quantitatively[4] and qualitatively, the factors weigh in favor of transfer to the Middle District of Pennsylvania." **Memorandum and Recommendation, at 14 (footnote added).** Consequently, considering the results of such inquiry as well as the presence of the contractual forum-selection clause designating the Middle District of Pennsylvania as the appropriate forum, the Court finds that transfer of this matter to said forum is appropriate.

## B. Motion to Dismiss for Improper Venue

---

[4] One factor weighs in favor of retention (factor # 3), two factors weigh in favor of transfer (factors # 4 and 10), and eight factors are neutral (factors # 1, 2, 5-9, and 11).

Defendant has filed an objection to the Magistrate Judge's recommendation that its motion to dismiss for improper venue be denied. Having determined that transfer is appropriate under 28 U.S.C. § 1404(a), revisiting the Magistrate Judge's determination of Defendant's motion under Rule 12(b)(3) would be essentially an academic exercise.  If Plaintiff chooses not to prosecute his case in Pennsylvania, Defendant has effectively obtained its dismissal; if Plaintiff does choose to continue the case in Pennsylvania, dismissal here would serve no real purpose other than to add the additional expense of re-filing the case in Pennsylvania.  In addition, this area of the law is extremely unsettled.  Various federal courts cannot agree on the proper avenue for considering a dismissal based on a forum-selection clause, let alone whether dismissal is proper.  ***See, Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 n.6 (3d Cir. 2001) (noting that "[t]here is much disagreement over whether dismissal (where appropriate) should be made pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6)," and collecting cases); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534-36 (6th Cir. 2002) (finding error in district court's dismissal for improper venue when the lower court's decision was based on the presence of a forum-**

selection clause); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 113 (5th Cir. 1996) (affirming dismissal by district court for improper venue when decision was based on the presence of a valid forum-selection clause). Therefore, with no real purpose served in this case by ordering a dismissal without prejudice to refiling in the Middle District of Pennsylvania, the Court declines to "throw its hat in the ring" and will simply deny Defendant's motion to dismiss. *See, e.g., Salovaara*, 246 F.3d at 299 (remarking that although "a district court retains the judicial power to dismiss notwithstanding its consideration of § 1404, "[w]e acknowledge that, as a general matter, it makes better sense when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss.").

## IV. ORDER

IT IS, THEREFORE, ORDERED that Defendant's motion to dismiss for improper venue is DENIED.

IT IS FURTHER ORDERED that Defendant's alternative motion to transfer venue is GRANTED, and this matter is hereby transferred to the

United States District Court for the Middle District of Pennsylvania,

pursuant to 28 U.S.C. § 1404(a).

Signed: June 12, 2006

Lacy H. Thornburg
United States District Judge